Christopher C. Vader (SB №: 192753)
LAW OFFICES OF CHRISTOPHER C. VADER
82-632 B Highway 111, Suite 3
Indio, CA 92201
Telephone: (760) 863-3840
Facsimile: (760) 863-3842
cvader@dc.rr.com

Attorneys for Plaintiffs,
B.R.S. a minor, by and through his Guardian ad Litem, Beth Culotta; Ronald Sznaider; and Michele Sznaider

COPY
2013 DEC -9 PM 12: 30
CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES
BY:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

B.R.S., a minor, by and through his Guardian ad Litem, Beth Culotta, individually, and as Successor in Interest to the Claims of Joshua Sznaider; Ronald Sznaider; Michele Sznaider,

Plaintiffs,

v.

City of Palm Springs; Chief Alberto Franz, individually; and DOES One through Ten, inclusive; inclusive,

Defendants.

Case No. EDCV 13-01644 (DMG) (SPx)

FIRST AMENDED COMPLAINT FOR UNREASONABLE USE OF DEADLY FORCE [42 U.S.C. 1983]; VIOLATION OF BANE ACT [Cal. Civ. Code §52.1]; NEGLIGENCE / WRONGFUL DEATH AND SURVIVOR ACTIONS; BATTERY

DEMAND FOR JURY TRIAL

**JURISDICTION & VENUE**

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1988, resulting from deprivations under color of law of rights guaranteed by the United States Constitution and the laws of the United States, and for tortious behavior under California law (Cal. Govt. Code sections 820, et seq.). Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343 and the aforementioned statutory provisions. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide all supplemental claims arising under the laws of the State of California. As to

all claims arising under the laws of the State of California for which Plaintiffs invoke the supplemental jurisdiction of this Court, all Plaintiffs who are required to comply with the statutory claims requirements of California Government Code § 940, et seq. have done so.

2.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, among other things, the acts and omissions complained of occurred in this judicial district and because one or more of the Defendants reside in this judicial district. All defendants are believed to reside in California.

## INTRODUCTION

3.   This case arises out of the illegal, unconstitutional and unjustified use of deadly force by the Palm Springs Police Department that resulted in the death of Joshua Sznaider. It is brought by his son, B.R.S., and his parents, Ronald and Michele Sznaider. Joshua Sznaider, a recent M.B.A. graduate of the University of Redlands who had successfully completed an internship with ESRI, was asphyxiated by members of the Palm Springs Police Department. He was suspected of no crime and was unarmed at the time that Officer Cary Carrillo, Sgt. Paul Abshire, Sgt. Marc Melanson, and other Doe Officers of the Palm Springs Police Department tazed him and applied a chokehold that asphyxiated him and resulted in a loss of consciousness, respiratory and cardiac arrest. Because his brain was deprived of oxygen for so long, he ultimately died. In their use of force, the officers violated the constitutional rights of Joshua Sznaider, his son and his parents. Their unconstitutional and illegal use of force violated clearly established law that would be known to any reasonable police officer.

## PARTIES

4.   Plaintiff B.R.S. was, at all relevant times, a resident of the County of San Bernardino, and a citizen of the State of California. B.R.S. is a minor and has concurrently applied to the Court to have his natural mother, Beth Culotta, who has custody and control of the minor Plaintiff appointed as his *guardian ad litem* for the

purpose of prosecuting this litigation. Plaintiff B.R.S. is the only natural child, and the only heir at law, of Decedent, Joshua Sznaider, and is the person entitled to his estate under California law. Plaintiff B.R.S. is a resident of the County of San Bernardino, State of California and is the sole individual who has standing to pursue a wrongful death action under California Code of Civil Procedure Section 377.60 and is the successor-in-interest to the causes of action that could have been pursued by Decedent Joshua Sznaider under California Code of Civil Procedure Section 377.30 but for his death as a result of the unreasonable and unconstitutional use of deadly force which is the subject matter of this action. A Declaration pursuant to California Code of Civil Procedure Section 377.32 is filed concurrently.

5. Plaintiff Ronald Sznaider is a resident of St. Croix County, Wisconsin and was Joshua Sznaider's father.

6. Plaintiff Michele Sznaider is a resident of St. Croix County, Wisconsin and was Joshua Sznaider's mother.

7. At all relevant times, Defendants Cary Carrillo, Paul Abshire, and Marc Melanson were employees of Defendant City of Palm Springs and sworn police officers in the Palm Springs Police Department.

8. Defendant, City of Palm Springs, is a governmental entity duly incorporated under the laws of the State of California which owns, operates, manages, directs and controls the Palm Springs Police Department, which employs Officer Cary Carrillo, Sgt. Paul Abshire, Sgt. Marc Melanson, and DOES 4 through 9, inclusive. Liability under California law for the entity Defendant and its employees, individually, is based in part, upon California Government Code Sections 815.2 and 920; Penal Code Sections 149, 240, and/ or 242; and/or Civil Code Sections 43, 51, 51.7, and/or 52.1.

9. Defendants DOES 4 to 9, inclusive, and each of them, are police officers or otherwise employed by Defendant City of Palm Springs or another governmental entity and were acting under color of state law, namely, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the State of

California and Defendant City of Palm Springs or other governmental entity. They are being sued in both their individual and official capacities. Their true names and identities are unknown to Plaintiffs, who therefore sue such Defendants by such fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when ascertained. Plaintiffs are informed and believe, and there upon allege, that each of the Defendants designated as a DOE is responsible in some manner for the events and happenings alleged in this Complaint, and caused injury and damage to Plaintiffs' Decedent.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### A. General Allegations on Policy and Practice.

10. Plaintiffs are informed and believe and on the basis of such information allege that Defendant, City of Palm Springs, with deliberate indifference, gross negligence, and reckless disregard for the safety, security, and constitutional and statutory rights of the Plaintiffs and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things:

a) Adopting as Official Departmental Policy that the "Carotid Control Hold is a non-lethal means of subduing physically violent and combative persons" when, in fact, it is deadly force as a matter of law.

b) Deliberately failing to train its officers that the problems posed by, and thus the tactics to be employed against, unarmed, emotionally distraught individuals are ordinarily different from those properly used to subdue armed and or dangerous criminals who have recently committed a serious offense.

c) Maintaining as an official policy that the "Carotid Control Hold [may be used only] when the subject cannot be controlled by 'lower profile techniques' but where the use of lethal force is not constitutional under sections 400 and 400.1 of the Police Manual." Sections 400 and 400.1 purport to set forth the state of the law on the use of excessive and deadly force. In fact, the carotid control hold is deadly force and

-4-

UNREASONABLE USE OF DEADLY FORCE [42 U.S.C. 1983]; VIOLATION OF BANE ACT [Cal. Civ. Code §52.1]; NEGLIGENCE / WRONGFUL DEATH AND SURVIVOR ACTIONS; BATTERY; DEMAND FOR JURY TRIAL

may not be lawfully used except when deadly force is appropriate.

**B. Allegations Regarding Defendants' Use of Unreasonable Force on Plaintiffs' Decedent.**

11. According to hospital records, on or about October 2, 2012 in the City of Palm Springs, County of Riverside, California, Joshua Sznaider was contacted by the City of Palm Springs emergency personnel and AMR ambulance personnel at approximately 0600 hrs. When the medical personnel arrived he was friendly and joking with them. He declined transport to the hospital. The Defendant City will provide no further information as to the initial contact.

12. Approximately one or one and one-half hours hour later, Defendants publicly claimed that Joshua Sznaider was seen climbing a tree and running in and out of traffic on Sunrise Way. The Palm Springs Police Department (hereinafter "PSPD") sent at least two officers to investigate his behavior.

13. According to Defendant City's Police Agency, a bystander was filming the interactions between the Defendant Officers and Mr. Sznaider.

14. Mr. Sznaider was not armed and was not threatening anybody when he was initially contacted by officers at 0700 to 0730 hrs.

15. When approached by police, he was reported to be cooperative. As the officers investigated Mr. Sznaider, they unreasonably and unconstitutionally escalated their threats of force and use of force against him.

16. For no apparent reason, the officers then initiated an unreasonable attempt to violently restrain Mr. Sznaider, despite being on notice of his emotionally distraught condition.

17. In subduing him, they shocked him with the X26 Taser device in drive-stun mode at least once and possibly twice, or more.

18. Despite knowing that Joshua Sznaider was wanted for no crime, had reacted peacefully when approached peacefully, and had himself sought the assistance of emergency personnel, Defendant Carrillo and others employed deadly force in the

form of a blood choke or carotid restraint, also known as a lateral vascular hold upon his neck cutting off the blood supply to his brain and disrupting his nervous system until he first lost consciousness and then went into respiratory and cardiac arrest ultimately causing his death. In the alternative, Doe Officers employed some other form of chokehold resulting in respiratory and cardiac arrest and causing death.

19. Defendant Carrillo and others, after choking Mr. Sznaider, noticed that he was blue, not breathing, and had no pulse.

20. In killing Joshua Sznaider, the Defendant Officers abrogated Decedent's and Plaintiffs' common law, statutory and constitutional rights.

21. Defendant Officers then denied prompt medical care to the Plaintiffs' Decedent, also resulting in his death.

22. Plaintiffs are informed and believe and thereon allege that, in doing the foregoing acts, each such defendant was the agent and employee of each other defendant and was acting within such agency and employment and that each defendant was acting under color of state law.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS

## PURSUANT TO 42 U.S.C. §1983

**(By All Plaintiffs Against Defendants Carrillo, Abshire, Melanson, City of Palm Springs, and Does 4 through 10, inclusive)**

23. Plaintiffs hereby reallege and incorporate paragraphs One through Twenty Two, inclusive, as through each allegation were set forth at length herein.

24. Defendants Carrillo, Abshire, Melanson, City of Palm Springs, and Does 4 through 10, and each of them, acting under color of state of law, deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution by, among other things, using unreasonable and deadly force in the killing of plaintiffs' unarmed decedent who was suspected of no crime. The

aforementioned defendants further deprived Joshua Sznaider of the same rights, causing him damages for which he could make a claim but for his death. B.R.S. succeeds his father and brings those claims on his father's behalf.

25. In doing the foregoing acts, Defendants further deprived Ronald Sznaider, Michele Sznaider and B.R.S. of their Fourteenth Amendment Right of Familial Association.

26. Defendants Carrillo, Abshire, Melanson, and Does 4 through 10, and the entity Defendant and each of them, failed to intervene to prevent the unconstitutional acts of the others, were integral participants in those unconstitutional acts, or promulgated a policy and practice which directly and proximately caused the damages complained of herein.

27. Plaintiffs are informed and believe and thereupon allege that, in doing each of the foregoing acts, each Defendant was an agent and employee of every other Defendant, and was acting within the scope of such agency and employment.

28. As a proximate result of the foregoing wrongful acts of the Defendants and each of them, Plaintiffs have been hurt and injured in their health, strength, and activity sustaining injuries to their nervous systems and person all which injuries have caused and continued to cause them great mental, physical, nervous pain and suffering, humiliation, shock, distress, and anguish.

29. As a further proximate result of the acts of Defendants, Plaintiffs have incurred the permanent and irretrievable loss of support, society, love, affection, comfort and companionship of Joshua Sznaider.

30. In addition, Plaintiffs have incurred lost support, past medical and hospital fees and will incur the future loss of support, society, love, affection, comfort and companionship of Joshua Sznaider.

31. In doing each of the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiffs and their decedent. The wrongful acts, and each of them, were willful, oppressive,

fraudulent and malicious, thus warranting the award of punitive damages against each individual Defendant (but not the entity Defendants which are immune from such damages) in an amount sufficient to punish the wrongdoers and to deter future conduct.

**SECOND CLAIM FOR RELIEF**

**CAL. CIV. CODE §52.1**

**(By Plaintiff B.R.S. Individually and as Successor in Interest, Against Defendants Carrillo, Abshire, Melanson, City of Palm Springs, and Does 4 through 10, inclusive)**

32. Plaintiff B.R.S. hereby realleges and incorporates paragraphs One through Thirty One, inclusive, of this Complaint, as through each allegation were set forth at length herein.

33. As a direct and proximate result of the aforementioned acts of Defendants, Plaintiff B.R.S. was injured as set forth above and is entitled to statutory damages under California Civil Code Section §52.1, as well as compensatory and punitive damages according to proof.

34. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional, statutory and common law rights of Plaintiff and his Decedent. In addition, by causing the death of Joshua Sznaider, defendants acted in reckless and callous disregard for the constitutional, statutory and common law rights of Plaintiff. The wrongful acts of each of them were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Defendant in an amount adequate to punish the individual wrongdoers and to deter future misconduct.

35. Defendants interfered by threats, intimidation, or coercion or attempted to interfere by threats, intimidation or coercion with decedent's rights, privileges and immunities secured by the Constitution of the United States, including those secured by the Fourth, and Fourteenth Amendments to the United States Constitution,

California Civil Code Section 43, Penal Code Section 149, 240, and 242; and Article I, Sections 1,2,7,13, and 17 of the California Constitution by, among other things, subjecting Joshua Sznaider to an unreasonable and deadly use of force through a reckless disregard of his rights, subjecting him to assault and battery under color of state law and committing all other acts set forth herein. In addition, said acts deprived Plaintiffs of rights guaranteed by the law of the United States, the laws of the State of California and of rights secured by the Constitution of the State of California including, but not limited to Article I, § 13(due process).

## THIRD CLAIM FOR RELIEF

## NEGLIGENCE IN THE WRONGFUL DEATH OF PLAINTIFF'S DECEDENT, JOSHUA SZNAIDER

**(By B.R.S. Individually and as Successor in Interest Against Defendants Carillo, Abshire, Melanson, City of Palm Springs and Does 4 through 10, inclusive)**

36. Plaintiff B.R.S. hereby alleges and incorporates paragraphs One through Thirty-Five, inclusive, of this Complaint, as each allegation were set forth at length herein.

37. By virtue of the foregoing, Defendants Carrillo, Abshire, Melanson, City of Palm Springs, and Does Four through Ten, owed Plaintiff a duty of care and that duty was breached in that defendants' negligence and failure to exercise due care in dealing with Plaintiff's Decedent directly and proximately causing all of his damages complained of herein. Defendants Carrillo, Abshire, Melanson, City of Palm Springs, and Does Four through Ten, further breached their duty by failing to adequately train and supervise their Officers in the common law, statutory and constitutional rights of persons with whom they came into contact.

38. As a direct and proximate result of the aforementioned acts, Plaintiff B.R.S. and his Decedent were damaged as set forth herein and B.R.S. is entitled to punitive and compensatory damages (expect as to those entities which are immune from punitive damages).

-9-

UNREASONABLE USE OF DEADLY FORCE [42 U.S.C. 1983]; VIOLATION OF BANE ACT [Cal. Civ. Code §52.1]; NEGLIGENCE / WRONGFUL DEATH AND SURVIVOR ACTIONS; BATTERY; DEMAND FOR JURY TRIAL

**FOURTH CLAIM FOR RELIEF**

**BATTERY**

**(By B.R.S., as Successor in Interest Against Defendants Carrillo, Abshire, Melanson and Does 4 through 10, inclusive)**

39. Plaintiff B.R.S. hereby alleges and incorporates paragraphs One through Thirty-Eight, inclusive, of this Complaint, as if each allegation were set forth at length herein.

40. Defendant Officers Carrillo, Melanson, Abshire, and Does 4 through 10 intentionally restrained and touched Joshua Sznaider, directly and proximately causing his death. Joshua Sznaider did not consent to the touching and it therefore constituted battery upon him.

**REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiffs request relief as follows:

(a) Compensatory general and special damages according to proof;

(b) Exemplary and or punitive damages against the individual Defendants upon those causes of action which give rise to liability for punitive and or exemplary damages;

(c) Reasonable attorney's fees and expenses of litigation as provided by § 42 U.S.C. 1988, Cal. Civ. Code Section § 52.1 (h) Cal. Code of Civ. Procedure Section § 1021.5, any other provision of law that maybe applicable;

(d) Costs of suit necessarily incurred herein;

///

///

///

///

///

-10-

UNREASONABLE USE OF DEADLY FORCE [42 U.S.C. 1983]; VIOLATION OF BANE ACT [Cal. Civ. Code §52.1]; NEGLIGENCE / WRONGFUL DEATH AND SURVIVOR ACTIONS; BATTERY; DEMAND FOR JURY TRIAL

(e) Such further and other relief as this Court may deem just or proper.

///

///

Dated: 12-6-13

LAW OFFICES OF CHRISTOPHER C. VADER

By: ______________________
Christopher C. Vader,
Attorneys for Plaintiffs, B.R.S., a minor, by and through his Guardian ad Litem, Beth Culotta; Ronald Sznaider; and Michele Sznaider

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury as to all issues to which they have the right to Jury Trial.

Dated: 12-6-13

LAW OFFICES OF CHRISTOPHER C. VADER

By: ______________________
Christopher C. Vader,
Attorneys for Plaintiffs, B.R.S. a minor, by and through his Guardian ad Litem, Beth Culotta; Ronald Sznaider; and Michele Sznaider

**PROOF OF SERVICE**
*CCP § 1013a(3)*

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am employed in the County of Riverside, State of California. I am over the age of eighteen and not a party to the within action; my business address is **82-632 B Highway 111, Suite 3, Indio, California, 92201**. I served the foregoing document(s) described as:

**FIRST AMENDED COMPLAINT FOR UNREASONABLE USE OF DEADLY FORCE [42 U.S.C. 1983]; VIOLATION OF BANE ACT [Cal. Civ. Code 52.11]; NEGLIGENCE / WRONGFUL DEATH AND SURVIVOR ACTIONS; BATTERY; DEMAND FOR JURY TRIAL**

on the interested party(ies) in this action as follows:

[ ] By placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

[X] By placing [ ] the original [XX] a true copy thereof enclosed in sealed envelopes addressed as follows:

Daniel K. Spradlin, Esq.
Caroline A. Byrne, Esq.
WOODRUFF, SPRADLIN & SMART, APC
555 Anton Blvd., Ste. 1200
Costa Mesa, CA 92626-7670

[X] **BY MAIL:** I deposited such envelope in the mail at Indio, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Indio, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] **BY ELECTRONIC SERVICE**: I caused the foregoing document to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document on the following individuals:

Daniel K. Spradlin, Esq.
Caroline A. Byrne, Esq.
WOODRUFF, SPRADLIN & SMART, APC
555 Anton Blvd., Ste. 1200
Costa Mesa, CA 92626-7670

[ ] **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the office of the addressee.

[X] **BY FACSIMILE:** By facsimile machine telephone **(760) 863-3842**, I served a copy of the above document(s) on **Caroline A. Byrne, Esq.** at facsimile telephone number 714/835-7787 by transmitting by facsimile machine. The facsimile machine I used complied with California *Rules of Court, rule 2.302* and no error was reported by the machine. Pursuant to California *Rules of Court, rule 2.304 (d)*, I caused the machine to print a transmission record of the transmission.

[ ] **BY U.S. CERTIFIED MAIL:** I caused such envelope(s) to be delivered via United States Postal Service, Certified Mail, to the addressee(s) designated, Tracking Number ____________________.

[X] **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **December 9, 2013**, at Indio, California.

Pam Kitchens

**Pam Kitchens**