WOODRUFF, SPRADLIN & SMART, APC
DANIEL K. SPRADLIN – State Bar No. 82950
dspradlin@wss-law.com
CAROLINE A. BYRNE – State Bar No. 196541
cbyrne@wss-law.com
ROBERTA A. KRAUS – State Bar No. 117658
bkraus@wss-law.com
555 Anton Boulevard, Suite 1200
Costa Mesa, California 92626-7670
Telephone:  (714) 558-7000
Facsimile:   (714) 835-7787

Attorneys for Defendants CITY OF PALM SPRINGS, a public entity, OFFICER CARY CARRILLO, an employee of Defendant City of Palm Springs, a public entity; SGT. PAUL ABSHIRE, an employee of Defendant City of Palm Springs, a public entity; and SGT. MARC MELANSON, an employee of Defendant City of Palm Springs, a public entity

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.R.S., a minor, by and through his Guardian ad Litem, BETH CULOTTA, individually, and as Successor in Interest to the Claims of JOSHUA SZNAIDER; RONALD SZNAIDER; MICHELE SZNAIDER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PALM SPRINGS; CHIEF ALBERTO FRANZ, individually; and DOES One through Ten, inclusive,<br><br>Defendants. | CASE NO: EDCV13-01644 DMG (SPx)<br><br>BEFORE THE HONORABLE DOLLY M. GEE<br>COURTROOM 7<br><br>**ANSWER OF CITY OF PALM SPRINGS, A PUBLIC ENTITY, OFFICER CARY CARRILLO, SGT. PAUL ABSHIRE AND SGT. MARC MELANSON TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

///
///
///
///
///
///

1

972536.1

COMES NOW Defendants CITY OF PALM SPRINGS, a public entity, OFFICER CARY CARRILLO, an employee of Defendant City of Palm Springs, a public entity; SGT. PAUL ABSHIRE, an employee of Defendant City of Palm Springs, a public entity; and SGT. MARC MELANSON, an employee of Defendant City of Palm Springs, a public entity (collectively "Defendants")[1], to answer the first amended complaint of Plaintiffs B.R.S., a minor, by and through his Guardian ad Litem, BETH CULOTTA; RONALD SZNAIDER and MICHELE SZNAIDER ("Plaintiffs") as follows:

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

1. Answering Paragraphs 1 and 2 of the first amended complaint, these answering Defendants have no information or belief sufficient to enable them to answer the allegations contained in said paragraph and basing their denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

2. Answering Paragraph 3 of the first amended complaint, these answering Defendants admit this action is brought by B.R.S. and Ronald Sznaider and Michelle Sznaider. Except as expressly admitted, these answering Defendants have no information or belief sufficient to enable them to answer the remaining allegations contained in said paragraph and basing their denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

3. Answering Paragraphs 4, 5 and 6 of the first amended complaint, these answering Defendants have no information or belief sufficient to enable them to answer the allegations contained in said paragraphs and basing their denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

---

[1] In light of this Court's November 22, 2013 ruling on Defendants' motion to dismiss Plaintiff's complaint, all claims have been dismissed with prejudice as to Chief Alberto Franz, who therefore, does not answer Plaintiffs' first amended complaint.

972536.1

4. Answering Paragraph 7 of the first amended complaint, Defendants admit the allegations contained therein.

5. Answering Paragraph 8 of the first amended complaint, Defendants admit that the City of Palm Springs is a governmental entity and is the employer of Officer Cary Carrillo, Sgt. Paul Abshire and Sgt. Marc Melanson. Except as expressly admitted, these answering Defendants have no information or belief sufficient to enable them to answer the remaining allegations contained in said paragraph, and basing their denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

6. Answering Paragraph 9 of the first amended complaint, these answering Defendants have no information or belief sufficient to enable them to answer the remaining allegations contained in said paragraph, and basing their denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

7. Answering Paragraph 10 of the first amended complaint, including subparagraphs a) through c), these answering Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

8. Answering Paragraph 11 of the first amended complaint, these answering Defendants have no information or belief sufficient to enable them to answer the allegations contained in said paragraph, and basing their denial on said grounds, deny generally and specifically, all and singular, each and every allegations contained therein.

9. Answering Paragraph 12 of the first amended complaint, these answering Defendants admit that Palm Springs Police Department sent officers to investigate. Except as expressly admitted, these answering Defendants have no information or belief sufficient to enable them to answer the remaining allegations contained in said paragraph, and basing their denial on said grounds, deny generally and specifically, all and singular, each and every allegations contained therein.

972536.1

10. Answering Paragraph 13 of the first amended complaint, these answering Defendants admit a witness captured certain portions of Joshua Sznaider's actions on a cell phone. Except as expressly admitted, Defendants deny, generally and specifically, all and singular, each and every allegation contained therein.

11. Answering Paragraphs 14, 15 and 16 of the first amended complaint, these answering Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

12. Answering Paragraph 17 of the first amended complaint, Defendants admit that the X26 Taser device in drive-stun mode was used twice. Defendants deny generally and specifically, all and singular, each and every other allegation contained therein.

13. Answering Paragraphs 18, 19, 20 and 21 of the first amended complaint, Defendants admit that Officer Carrillo applied a carotid control hold. Except as expressly admitted, these answering Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

14. Answering Paragraph 22 of the first amended complaint, these answering Defendants admit that the officers were at all times acting within the course and scope of their employment and except as expressly admitted, these answering Defendants deny generally and specifically, all and singular, each and every allegations contained therein.

## AS TO THE FIRST CLAIM FOR RELIEF

15. Answering Paragraphs 23 of the first amended complaint, these answering Defendants refer to their answer to the allegations incorporated by reference and with respect into said paragraph and incorporate an answer herein by reference as though fully set forth and for the same effect.

16. Answering Paragraphs 24, 25 and 26 of the first amended complaint, these answering Defendants deny generally and specifically, all and singular, each and every allegation contained therein, and more particularly denies that the reason of the

972536.1

1  premises alleged, or for any cause whatever, Plaintiffs suffered injuries or damages as
2  alleged, or any other sum or sums, or at all.

3       17.    Answering Paragraphs 27 of the first amended complaint, these
4  answering Defendants admit Officer Carrillo, Sgt. Abshire and Sgt. Melanson were
5  acting in the course and scope of their employment.  Except as expressly admitted,
6  Defendants have no information or belief sufficient to enable them to answer these
7  allegations contained in said paragraphs, and based on their denial on said grounds,
8  deny generally and specifically, all and singular, each and every allegation contained
9  therein.

10       18.    Answering Paragraphs 28, 29, 30 and 31 of the first amended complaint,
11 these answering Defendants have no information or belief sufficient to enable them to
12 answer the allegations contained in said paragraphs and, basing their denial on said
13 grounds, deny generally and specifically, all and singularly, each and every allegation
14 contained therein and, more particularly, deny that the reason of the premises alleged
15 or for any cause whatsoever Plaintiffs suffered injuries or damages as alleged or any
16 other sum or sums at all.

## AS TO THE SECOND CLAIM FOR RELIEF

18       19.    Answering Paragraph 32 of the first amended complaint, these answering
19 Defendants refer to their answer to the allegations incorporated by reference and with
20 respect into said paragraph and incorporate an answer herein by reference as though
21 fully set forth and for the same effect.

22       20.    Answering Paragraphs 33, 34 and 35 of the first amended complaint,
23 these answering Defendants deny generally and specifically, all and singular, each and
24 every allegation contained therein, and more particularly, denies that the reason of the
25 premises alleged, or for any cause whatever, Plaintiffs suffered injuries or damages as
26 alleged, or any other sum or sums, or at all.

27  ///
28  ///

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

**AS TO THE THIRD CLAIM FOR RELIEF**

21. Answering Paragraph 36 of the first amended complaint, these answering Defendants refer to their answer to the allegations incorporated by reference into said paragraph and incorporates said answer herein by reference as though fully set forth and for the same effect.

22. Answering Paragraphs 37 and 38 of the first amended complaint, these answering Defendants deny generally and specifically, all and singular, each and every allegation contained therein, and more particularly, denies that by reason of the premises alleged, or for any cause whatever, Plaintiffs suffered injuries or damages as alleged, or any other sum or sums, or at all.

**AS TO THE FOURTH CLAIM FOR RELIEF**

23. Answering Paragraph 39 of the first amended complaint, these answering Defendants refer to their answer to the allegations incorporated by reference into said paragraph and incorporates said answer herein by reference as though fully set forth and for the same effect.

24. Answering Paragraph 40 of the first amended complaint, these answering Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

**FIRST AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that each cause of action contained in the complaint fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that the acts, actions and conduct of the Decedent and/or third parties directly and proximately caused Plaintiffs' injuries and/or damages, if any. Therefore, Plaintiffs are not entitled to damages or any other relief from Defendants.

///
///

972536.1

**THIRD AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that the conduct, misconduct and/or negligence of Decedent caused and contributed to any alleged damages which may have been sustained by Plaintiffs, and by reason thereof, Plaintiffs should be barred from recovery, or in the alternative, should have any recovery diminished by the amount or percentage that said conduct, misconduct or negligence caused or contributed to the alleged damages, should they be proven.

**FOURTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that any and all events and happenings, injuries and damages, if any, alleged in the complaint were proximately caused and contributed to by Decedent in that Decedent assumed all risks and hazards by engaging in the course and conduct that resulted in Decedent's and Plaintiffs' injuries, if any.

**FIFTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that Defendants are not liable for the damages, if any, alleged in the complaint by reason of the provisions of Government Code section 815.2(a) and (b), in that a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

**SIXTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that, pursuant to Government Code sections 815.2 and 815.6, any and all mandatory duties imposed on Defendants, and Defendants' agents or employees, the failure of which allegedly created the condition at the time and place which is the subject of this complaint, were exercised with reasonable diligence and, therefore, Defendants are not liable to Plaintiffs for the alleged injuries.

///
///

972536.1

**SEVENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that, pursuant to the provisions of Government Code section 818, a public entity cannot be liable for damages awarded under section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing a Defendant. Defendants further allege that a public entity may not be held liable for punitive damages under federal law.

**EIGHTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that, pursuant to the provisions of Government Code sections 820.2 and 815.2, a public entity and its employees, officers and agents are not responsible for injury or damage resulting from an act or omission that was a result of the exercise of discretion vested in such officer, employee or agent, whether or not such discretion was abused.

**NINTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that, pursuant to the provisions of Government Code section 820.4 and section 815.2, a public entity and its employees, officers and agents are immune from tort liability for law enforcement activities while exercising due care.

**TENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that, pursuant to the provisions of Government Code sections 820.8 and 815.2, a public entity and its employees, officers and agents are immune from tort liability for injuries caused by the act or omission of another person.

**ELEVENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that, pursuant to Government Code section 845.8, a public employee is not liable for injury caused by a person resisting arrest.

///

///

**TWELFTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that Defendants were entitled to use reasonable force to effect an arrest, prevent an escape or to overcome resistance and need not have retreated or desisted in Defendants' efforts by reason of the resistance or threatened resistance of the Decedent. Additionally, Defendants are not deemed an aggressor nor do Defendants lose the right to self-defense by the use of reasonable force to effect such arrest or to prevent the escape of the arrestee or to overcome the resistance of the Plaintiffs.

**THIRTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that any and all events and happenings, injuries and damages, if any, alleged in said complaint were proximately caused and contributed to by the Decedent in that Decedent assumed all risks and hazards by engaging in the courses of conduct that resulted in Decedent's death.

**FOURTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants asserts that Defendants had probable cause to believe that Plaintiffs had committed felonies or misdemeanors in the presence of Defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that at all times material hereto Defendants acted in an objectively reasonable manner and are entitled to the defense of qualified immunity to the actions brought as civil rights violations under 42 U.S.C. section 1983.

**SIXTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that if wrongful action did take place, it was not pursuant to custom, policy or usage of the public entity.

**SEVENTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that Plaintiffs are barred from recovery herein, in whole or in part, by reason of failure to mitigate damages.

972536.1

**EIGHTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege Plaintiffs are in violation of the Government Tort Claims Act, in that no claim was timely filed with Defendants. Accordingly, the complaint is barred.

**NINETEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that Plaintiffs are in violation of the Government Tort Claims Act, in that the instant action was filed more than six months after the denial of Plaintiffs' claim. Accordingly, the complaint is barred.

**TWENTIETH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that, pursuant to the provisions of Government Code sections 821.6 and 815.2, a public entity and its employees, officers and agents are immune from tort liability for the institution of and/or prosecution of an administrative or judicial proceeding even if instituted maliciously and without probable cause.

**TWENTY-FIRST AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that, pursuant to Government Code section 845.6, neither a public entity nor a public employee is liable for an injury caused by the failure to provide medical treatment to a prisoner.

**TWENTY-SECOND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants allege that, pursuant to Government Code section 845.8, a public employee is not liable for injury caused by a person resisting arrest.

**TWENTY-THIRD AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendants is informed and believes and thereon alleges that Plaintiffs was guilty of violations of the California Penal Code and/or California Health & Safety Code at all times relevant hereto.

///

972536.1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, Defendants asserts that Defendants had probable cause to believe that Plaintiffs had committed felonies or misdemeanors in the presence of Defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, Defendants allege that the first amended consolidated complaint is barred under the provisions of Code of Civil Procedure section 335.1.

WHEREFORE, Defendants pray that Plaintiffs take nothing by way of their complaint and that said Defendants be dismissed with costs herein incurred and for such other and further relief as the Court deems just and proper.

DATED: December 19, 2013          WOODRUFF, SPRADLIN & SMART, APC

By: s/ Caroline A. Byrne
DANIEL K. SPRADLIN
CAROLINE A. BYRNE
Attorneys for Defendants CITY OF PALM SPRINGS, a public entity, OFFICER GARY CARRILLO, an employee of Defendant City of Palm Springs, a public entity; SGT. PAUL ABSHIRE, an employee of Defendant City of Palm Springs, a public entity; and SGT. MARC MELANSON, an employee of Defendant City of Palm Springs, a public entity

972536.1

## **DEMAND FOR JURY TRIAL**

Defendants CITY OF PALM SPRINGS, a public entity, OFFICER GARY CARRILLO, an employee of Defendant City of Palm Springs, a public entity; SGT. PAUL ABSHIRE, an employee of Defendant City of Palm Springs, a public entity; and SGT. MARC MELANSON, an employee of Defendant City of Palm Springs, a public entity, hereby request a trial by jury.

DATED: December 19, 2013          WOODRUFF, SPRADLIN & SMART, APC

By: s/ Caroline A. Byrne
DANIEL K. SPRADLIN
CAROLINE A. BYRNE
Attorneys for Defendants CITY OF PALM SPRINGS, a public entity, OFFICER GARY CARRILLO, an employee of Defendant City of Palm Springs, a public entity; SGT. PAUL ABSHIRE, an employee of Defendant City of Palm Springs, a public entity; and SGT. MARC MELANSON, an employee of Defendant City of Palm Springs, a public entity

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF, SPRADLIN & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

On December 19, 2013, I served the foregoing document(s) described as **ANSWER OF CITY OF PALM SPRINGS, A PUBLIC ENTITY, OFFICER CARY CARRILLO, SGT. PAUL ABSHIRE AND SGT. MARC MELANSON TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☐ **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF, SPRADLIN & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐ **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _____ to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF, SPRADLIN & SMART for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on December 19, 2013, at Costa Mesa, California.

s/ Laura F. Perez
LAURA F. PEREZ

13

972536.1

**B.R.S., a minor, et al., v. CITY OF PALM SPRINGS, et al.**

**ASSIGNED TO THE HONORABLE DOLLY M. GEE**
**MAGISTRATE JUDGE: SHERRY PYM**

**USDC, CENTRAL DISTRICT OF CALIFORNIA**
**CASE NO: EDCV13-01644 DMG (SPx)**

**SERVICE LIST**

| | |
|---|---|
| Christopher C. Vader, Esq.<br>LAW OFFICES OF CHRISTOPHER C. VADER<br>82-632 B Highway 111, Suite 3<br>Indio, CA 92201<br>Telephone: (760) 863-3840<br>Facsimile: (760) 836-3842<br>Email: cvader@dc.rr.com | Attorneys for Plaintiffs<br>**B.R.S., a minor, by and through his Guardian ad Litem, BETH CULOTTA; RONALD SZNAIDER, AND MICHELE SZNAIDER** |
| Michael R. White, Esq.<br>WHITE & REED LLP<br>5757 W. Century Boulevard, Suite 700<br>Los Angeles, CA 90045<br>Telephone: (310) 843-9065<br>Facsimile: (310) 843-9064<br>Email: white@whitereed.com | Attorneys for Plaintiffs<br>**B.R.S., a minor, by and through his Guardian ad Litem, BETH CULOTTA; RONALD SZNAIDER, AND MICHELE SZNAIDER** |

10/23/13

972536.1

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA