1  WOODRUFF, SPRADLIN & SMART, APC
   CAROLINE A. BYRNE – STATE BAR NO. 196541
2  cbyrne@wss-law.com
   555 Anton Boulevard, Suite 1200
3  Costa Mesa, California 92626-7670
   Telephone:  (714) 558-7000
4  Facsimile:   (714) 835-7787

5  Attorneys for Defendants CITY OF PALM SPRINGS, a public entity, OFFICER
   CARY CARRILLO, an employee of Defendant City of Palm Springs, a public
6  entity; SGT. PAUL ABSHIRE, an employee of Defendant City of Palm Springs, a
   public entity; and SGT. MARC MELANSON, an employee of Defendant City of
7  Palm Springs, a public entity

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 B.R.S., a minor, by and through his          CASE NO: EDCV13-01644 DMG (SPx)
   Guardian ad Litem, BETH CULOTTA,
12 individually, and as Successor in Interest   **CITY OF PALM SPRINGS'**
   to the Claims of JOSHUA SZNAIDER;            **RESPONSES TO PLAINTIFF'S**
13 RONALD SZNAIDER; MICHELE                     **REQUESTS FOR PRODUCTION,**
   SZNAIDER,                                    **SET ONE**
14
              Plaintiffs,                       HEARING DATES PENDING:
15                                              Type:  Final Pretrial Conference
   v.                                           Date:   March 31, 2015
16                                              Time:  3:00 p.m.
   CITY OF PALM SPRINGS; CHIEF                  Courtroom:  7
17 ALBERTO FRANZ, individually; and
   DOES One through Ten, inclusive,             Type:  Trial
18                                              Date:   April 21, 2015
              Defendants.                       Time:  8:30 a.m.
19                                              Courtroom:  7

20

21
   PROPOUNDING PARTY:       Plaintiff, B.R.S., a minor by and through his Guardian
22
                            ad Litem, BETH CULOTTA
23
   RESPONDING PARTY:        Defendant, CITY OF PALM SPRINGS
24
   SET NO.:                 ONE
25
        Defendant CITY OF PALM SPRINGS hereby responds to Plaintiff's Requests
26
   for Production, Set One, without prejudice to subsequently discovered information as
27
   follows:
28

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

AUG 2 5 2014
EXHIBIT GG

## PRELIMINARY STATEMENT

Defendant has not completed its investigation into discovery of the facts in this action.  Some of the requested information may not be in current files and may be difficult to obtain or unavailable as a result of personnel turnover, memories having faded, and possible destruction of records authorized by document retention program schedules.  Defendant has made a good faith effort to obtain any relevant non-privileged information from all the various departments within the CITY OF PALM SPRINGS which might have access to or have stored such information.  The information produced is without prejudice to Defendant's right to produce evidence of any information relating to any subsequently developed facts or documents.

## RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

Actual analog photographic copies from negatives or, if create digitally, digital files, including metadata, of the 168 photographs described by J. Johnson 15570 on p1 of 1 of his or her supplemental to report number 1210P-0186.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant identifies and produces a copy of a disk containing the digital files of photographs attached hereto and Bates numbered PS 00332.

**REQUEST FOR PRODUCTION NO. 2:**

Actual analog copies or, if created digitally, digital files, including metadata, of all photographs and videos described in Defendants' initial disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant identifies and produces copies of disks containing the digital files of photographs and videos attached hereto and Bates numbered PS 00332 through PS 00342 and PS 00361.

**REQUEST FOR PRODUCTION NO. 3:**

Digital Files including metadata, or if analog recordings, an exact analog copy of all sound and video recordings including ALL interviews, recordings taken by

WOODRUFF, SPRADLIN<br>& SMART<br>ATTORNEYS AT LAW<br>COSTA MESA

1015952.1

1   made by third parties, or any other sound or video recording relating to or referring to

2   the incident or its investigation.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

4       Defendant identifies and produces copies of disks containing the digital files of

5   sound and video recordings attached hereto and Bates numbered PS 00334, PS 00337,

6   PS 00339 – PS 00346, PS 00360 and PS 00361.

7   **REQUEST FOR PRODUCTION NO. 4:**

8       Any and all "radio runs" including any and all recordings on whatever media

9   maintained of any radio communications from or to Defendant Cary Carillo on

10   October 2, 2012.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

12       Defendant identifies and produces a copy of the radio recordings related to the

13   subject incident attached hereto and Bates numbered PS 00345.

14   **REQUEST FOR PRODUCTION NO. 5:**

15       Any and all reports, supplemental or other "Document," including without

16   limitation any computer aided dispatch records, sorted both by unit and by incident,

17   the subject of which is any calls for service, responses to, crimes located at, or other

18   incidents which occurred within a one mile radius of the intersection of Baristo and

19   Sunrise Road from midnight October 1, 2012 until midnight October 2, 2012.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

21       Defendant objects to this request on the grounds that it is vague and ambiguous,

22   overly broad, unduly burdensome and oppressive.  This request further seeks to invade

23   the privacy interests of third parties, and seeks documents and other tangible items

24   that are neither relevant to the instant action nor reasonably calculated to lead to the

25   discovery of admissible evidence.

26   **REQUEST FOR PRODUCTION NO. 6:**

27       Any "Document" reflecting any "Communication" between Defendant Paul

28   Abshire and "You" or any "Person," the subject which is this suit.  [communications

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

3

1   between Defendant and counsel to which there were no other parties and which
2   included no non-privileged communications may be identified in the privilege log by a
3   single reference to their bate stamped numbers if supported by an affidavit of
4   counsel].

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

6        Defendant objects to this request on the grounds that it is vague and ambiguous,
7   overly broad, unduly burdensome and oppressive.  This request further seeks to invade
8   the attorney-client privilege.

9        Without waiving the foregoing objection, Defendant identifies a copy of Sgt.
10  Abshire's supplemental report previously produced and Bates numbered PS 00034 –
11  PS 00038.

12  **REQUEST FOR PRODUCTION NO. 7:**

13       Any "Document" reflecting any "Communication" between or among
14  Defendant Cary Carillo and "You" or any "Person," the subject of which is this suit.
15  [communications between Defendant and counsel to which there were no other parties
16  and which included no non-privileged communications may be identified in the
17  privilege log by a single reference to their bate stamped numbers if supported by an
18  affidavit of counsel].

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

20       Defendant objects to this request on the grounds that it is vague and ambiguous,
21  overly broad, unduly burdensome and oppressive.  This request further seeks to invade
22  the attorney-client privilege.

23       Without waiving the foregoing objection, Defendant identifies a copy of Officer
24  Carrillo's supplemental report previously produced and Bates numbered PS 00047 –
25  PS 00053.

26  **REQUEST FOR PRODUCTION NO. 8:**

27       Any "Document" reflecting any "Communication" between or among
28  Defendant Marc Melanson and "You" or any "Person," the subject of which is this

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

4

1   suit. [communications between Defendant and counsel to which there were no other

2   parties and which included no non-privileged communications may be identified in

3   the privilege log by a single reference to their bate stamped numbers if supported by

4   an affidavit of counsel].

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

6   Defendant objects to this request on the grounds that it is vague and ambiguous,

7   overly broad, unduly burdensome and oppressive.  This request further seeks to invade

8   the attorney-client privilege.

9   Without waiving the foregoing objection, Defendant identifies a copy of Sgt.

10   Melanson's supplemental report previously produced and Bates numbered PS 00040 –

11   PS 00045.

12   **REQUEST FOR PRODUCTION NO. 9:**

13   Any "Document" reflecting any "Communication" between or among

14   Defendant City and "You" or any "Person," the subject of which is this suit.

15   [communications between Defendant City and counsel to which there were no other

16   parties and which included no non-privileged communications may be identified in

17   the privilege log by a single reference to their bate stamped numbers if supported by

18   an affidavit of counsel].

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

20   Defendant objects to this request on the grounds that it is vague and ambiguous,

21   overly broad, unduly burdensome and oppressive. The request seeks communications

22   between the City and the City, which is unintelligible as phrased.

23   **REQUEST FOR PRODUCTION NO. 10:**

24   Any and "radio runs" including any and all recordings on whatever media

25   maintained of any radio communications from or to Defendant Paul Abshire on

26   October 2, 2012.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

28   Defendant identifies and produces a copy of the radio recordings related to the

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1015952.1

1    subject incident attached hereto and Bates numbered PS 00345.

2    **REQUEST FOR PRODUCTION NO. 11:**

3        Any and all "radio runs" including any and all recordings on whatever media

4    maintained of any radio communications from or to Defendant Marc Melanson on

5    October 2, 2012.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

7        Defendant identifies and produces a copy of the radio recordings related to the

8    subject incident attached hereto and Bates numbered PS 00345.

9    **REQUEST FOR PRODUCTION NO. 12:**

10        All computer aided dispatch records that refer or relate in any way to the

11   "Incident" including any subsequent investigation thereof sorted by incident and by

12   responding unit (each unit history for all units dispatched to or that responded to the

13   "Incident.")

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

15        Defendant identifies a copy of the event records previously produced as PS

16   00205 - PS 00212 and PS 00214 – PS 00215.  Defendant also identifies and produces

17   copies of event records attached hereto and Bates numbered PS 00358 – PS 00359.

18   **REQUEST FOR PRODUCTION NO. 13:**

19        Any and all "Documents" reflecting or consisting of any "radio runs" including

20   any and all recordings on whatever media maintained of any radio communications

21   from or to and "Person" employed by "You," the subject of which is the "Incident" or

22   its investigation from October 1, 2012 until present.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

24        Defendant identifies and produces a copy of the radio recordings from the

25   subject incident attached hereto and Bates numbered PS 00345.

26   **REQUEST FOR PRODUCTION NO. 14:**

27        All "Documents" reflecting "Communications" reviewed, read, seen, or relied

28

1015952.1

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1  upon by Lt. Mitch Spike in preparing his "Investigator's Findings." (PS 2-14[1])

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

3      Defendant identifies documents previously produced as PS 00016 – PS 00154

4  and PS 00195 – PS 00300.  Defendant also identifies and produces copies of the radio

5  recordings and dispatch calls attached hereto and Bates numbered PS 00345 - PS

6  00346 and PS 00360.

7  **REQUEST FOR PRODUCTION NO. 15 (ERRONEOUSLY NUMBERED 13):**

8      Any "Documents" reflecting or referring to calls for service, calls with no

9  response and all info-only calls within a radius of one mile of the intersection of South

10  Sunrise way and East Baristo Road from midnight October 1, 2012 to midnight

11  October 2, 2012.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15 (ERRONEOUSLY**

13  **NUMBERED 13):**

14      Defendant objects to this request on the grounds that it is vague and ambiguous,

15  overly broad, unduly burdensome and oppressive.  This request further seeks to invade

16  the privacy interests of third parties, and seeks documents and other tangible items

17  that are neither relevant to the instant action nor reasonably calculated to lead to the

18  discovery of admissible evidence.  Additionally, Defendant objects on the grounds

19  that this request is duplicative.

20  **REQUEST FOR PRODUCTION NO. 16 (ERRONEOUSLY NUMBERED 14):**

21      "Documents" consisting of or describing all Real time

22  Dispatch/Communication Center Recording(s), relating to, referring to or consisting

23  of this "Incident" or the investigation thereof including without limitation: all

24  Reporting Party Contacts, Witness Contacts, emergency Personnel Contacts,

25  Dispatch/Officer Contacts/Radio Traffic, and any and all Radio Traffic from/between

26  all employees or agents of "You" (including any and all MDC Hyperlink

27

28  [1] All documents referred to as PS-(number) refer to bates numbers of documents produced in Defendants' joint initial disclosures dated February 28, 2014.

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

1015952.1

1    messages/texts contained within the call history and any and all radio traffic on

2    primary and secondary, car-to-car, channels/frequencies, including all person

3    inquiries), from October 1, 2012, midnight until present.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 16 (ERRONEOUSLY**

5    **NUMBERED 14):**

6    Defendant objects to this request on the grounds that it is vague, ambiguous,

7    and overbroad as to time.

8    Without waiving the foregoing objection, Defendant identifies a copy of the

9    event records previously produced as PS 00205 - PS 00212 and PS 00214 – PS 00215.

10   Defendant also identifies and produces copies of event records attached hereto and

11   Bates numbered PS 00358 – PS 00359 and copies of the radio recordings and dispatch

12   calls attached hereto and Bates numbered PS 00345 - PS 00346 and PS 00360.

13   **REQUEST FOR PRODUCTION NO. 17 (ERRONEOUSLY NUMBERED 15):**

14   All "Documents" that refer to, relate to, or consist of the complete training

15   records of the individual Defendants or any other agent or employee of "You" present

16   while force was being used to subdue "Decedent" reflecting any training in the use of

17   force of any kind and in any manner, including but not limited to the application of the

18   carotid restraint, or any other methods of restraint.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17 (ERRONEOUSLY**

20   **NUMBERED 15):**

21   Defendant objects to this request on the grounds that it is compound, vague and

22   ambiguous, overly broad, unduly burdensome and oppressive, designed to harass or

23   annoy responding party, and seeks documents and other tangible items that are neither

24   relevant to the instant action nor reasonably calculated to lead to the discovery of

25   admissible evidence.

26   Without waiving the foregoing objections, Defendant identifies and produces

27   copies of the training documents of Officer Carrillo, Sgt. Abshire and Sgt. Melanson

28   responsive to this request attached hereto and Bates numbered PS 00409 – PS 00553.

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

8

1015952.1

**REQUEST FOR PRODUCTION NO. 18 (ERRONEOUSLY NUMBERED 16):**

All "Documents" that refer to or relate to Defendant Carillo's duties as Defensive Tactics instructor including, without limitation, all course syllabi, course descriptions, and "Documents" used in training, records of training given, descriptions of training given, "Documents" that identify any "Persons" receiving training or any other "Persons" instructing in Defensive tactics concurrently with Defendant Carillo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18 (ERRONEOUSLY NUMBERED 16):**

Defendant objects to this request on the grounds that it is compound, vague and ambiguous, overly broad, unduly burdensome and oppressive, designed to harass or annoy responding party, and seeks documents and other tangible items that are neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendant identifies and produces copies of the training documents of Officer Carrillo responsive to this request attached hereto and Bates numbered PS 00458 – PS 00503.

**REQUEST FOR PRODUCTION NO. 19 (ERRONEOUSLY NUMBERED 17):**

All "Documents" that refer to, relate to, or consist of the complete training records of the individual Defendants or any other agent or employee of "You" present while or within twenty minutes after force was being used to subdue "Decedent" and including, without limitation, all course syllabi, course descriptions, and "Documents" used in training, records or training given, descriptions given, "Documents" that identify any "Persons" receiving training which reflect any training in identifying, communicating with, controlling, interacting with, providing medical assistance to or otherwise having contact of any kind and in any manner, with persons under the influence of narcotics and / or mentally unstable individuals.

///

///

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1015952.1

9

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19 (ERRONEOUSLY NUMBERED 17):**

Defendant objects to this request on the grounds that it is compound, vague and ambiguous, overly broad, unduly burdensome and oppressive, designed to harass or annoy responding party, and seeks documents and other tangible items that are neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendant identifies and produces copies of the training documents of Officer Carrillo, Sgt. Abshire and Sgt. Melanson responsive to this request attached hereto and Bates numbered PS 00409 – PS 00553.

**REQUEST FOR PRODUCTION NO. 20 (ERRONEOUSLY NUMBERED 18):**

All "Documents," including metadata, that refer to or reflect the downloaded records of the Taser device employed by Defendant Abshire during the "Incident."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20 (ERRONEOUSLY NUMBERED 18):**

Defendant identifies Taser device records previously produced as PS 00024 – PS 00026.

**REQUEST FOR PRODUCTION NO. 21 (ERRONEOUSLY NUMBERED 19):**

All "Documents," including metadata that refer to, constitute or reflect the maintenance, testing, and use records of the Taser device employed by Defendant Abshire on "Decedent" during the "Incident."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21 (ERRONEOUSLY NUMBERED 19):**

Defendant objects to this request on the grounds that it is compound, vague and ambiguous, overly broad, unduly burdensome and oppressive, designed to harass or annoy responding party, and seeks documents and other tangible items that are neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence.

1015952.1

1    Without waiving the foregoing objection, Defendant identifies Taser device

2  records previously produced as PS 00024 – PS 00026.

3  **REQUEST FOR PRODUCTION NO. 22 (ERRONEOUSLY NUMBERED 20):**

4    All "Documents," including metadata, that refer to, constitute or reflect any

5  "Communications" from or with the manufacturer of the Taser devise employed by

6  Defendant Abshire on "Decedent" during the "Incident," the subject of which is the

7  make and model of the device employed.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22 (ERRONEOUSLY**

9  **NUMBERED 20):**

10    Defendant objects to this request on the grounds that it is compound, vague and

11  ambiguous, overly broad, unduly burdensome and oppressive, designed to harass or

12  annoy responding party, and seeks documents and other tangible items that are neither

13  relevant to the instant action nor reasonably calculated to lead to the discovery of

14  admissible evidence.

15  **REQUEST FOR PRODUCTION NO. 23 (ERRONEOUSLY NUMBERED 21):**

16    The digital files of all video of the "Incident" including the metadata associated

17  therewith.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23 (ERRONEOUSLY**

19  **NUMBERED 21):**

20    Defendant identifies and produces a copy of cell phone videos taken by witness

21  Andrew Kiley attached hereto and Bates numbered PS 00337.

22  **REQUEST FOR PRODUCTION NO. 24 (ERRONEOUSLY NUMBERED 22):**

23    All "Documents," including metadata, that refer to, constitute or reflect any

24  "Communications" to or from DDA Orlando or any other member of the Riverside

25  County District Attorney's Office and "You" referring to, regarding, or relating to the

26  "Incident."

27  ///

28  ///

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

1015952.1

11

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24 (ERRONEOUSLY**

2   **NUMBERED 22):**

3       Defendant identifies documents previously produced as PS 00002 – PS 00014,

4   PS 00031 – PS00032 and PS 00062 – PS 00079.  Defendant also identifies copies of

5   documents attached hereto and Bates numbered PS 00363 – PS 00408.

6   **REQUEST FOR PRODUCTION NO. 25 (ERRONEOUSLY NUMBERED 23):**

7       All "Documents," created by or in the possession of the Palm Springs Fire

8   Department referring to, regarding, or related to the "Incident."

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25 (ERRONEOUSLY**

10  **NUMBERED 23):**

11      Defendant identifies and produces copies of Palm Springs Fire Department

12  documents attached hereto and Bates numbered PS 00347 – PS 00359.

13  **REQUEST FOR PRODUCTION NO. 26 (ERRONEOUSLY NUMBERED 24):**

14      The digital files (including metadata) or actual analog copies from negatives of

15  the photographs described by E. Witten in documents PS-21.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26 (ERRONEOUSLY**

17  **NUMBERED 24):**

18      Defendant identifies and produces a copy of a disk containing the digital files

19  attached hereto and Bates numbered PS 00336.

20  **REQUEST FOR PRODUCTION NO. 27 (ERRONEOUSLY NUMBERED 25):**

21      A legible copy of PS-22 as the copy provided in the Initial Disclosure in not

22  legible.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27 (ERRONEOUSLY**

24  **NUMBERED 25):**

25      Defendant identifies and produces copy of the document attached hereto and

26  Bates numbered PS 00362.

27  **REQUEST FOR PRODUCTION NO. 28 (ERRONEOUSLY NUMBERED 26):**

28      All digital files, including metadata, used to generate the report identified as

12

1    PS-26.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 28 (ERRONEOUSLY**

3    **NUMBERED 26):**

4        After diligent search and reasonable inquiry, Defendant does not have any

5    documents responsive to this request in its possession, custody or control.

6    **REQUEST FOR PRODUCTION NO. 29 (ERRONEOUSLY NUMBERED 27):**

7        All digital files, including metadata, consisting of the audio and video taping of

8    the interview of witness Kiley as described in PS-63.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 29 (ERRONEOUSLY**

10    **NUMBERED 27):**

11        After diligent search and reasonable inquiry, Defendant has no documents

12    responsive to this request.

13    **REQUEST FOR PRODUCTION NO. 30 (ERRONEOUSLY NUMBERED 28):**

14        All "Documents" consisting of but not limited to the digital files and other

15    copies on whatever media and made in whatever manner of the email from Kiley and

16    its attachments (including metadata) and the entire contents of the CD of the cell

17    phone video (including metadata) as described in PS-67.

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 30 (ERRONEOUSLY**

19    **NUMBERED 28):**

20        Defendant identifies and produces a copy of a disk containing the cell phone

21    videos attached hereto and Bates numbered PS 00337.

22    **REQUEST FOR PRODUCTION NO. 31 (ERRONEOUSLY NUMBERED 29):**

23        All "Documents" consisting of but not limited to the digital files and other

24    copies on whatever media and made in whatever manner of the interview of Kiley as

25    described in PS-67.

26    **RESPONSE TO REQUEST FOR PRODUCTION NO. 31 (ERRONEOUSLY**

27    **NUMBERED 29):**

28        Defendant identifies Detective Campbell's supplemental report previously

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

1015952.1

1    produced and Bates numbered PS 00062 – PS 00079.

2    **REQUEST FOR PRODUCTION NO. 32 (ERRONEOUSLY NUMBERED 30):**

3      All "Documents" consisting of but not limited to the digital files and other

4    copies on whatever media and made in whatever manner of the interview of

5    DeLaCampa as described in PS 67-70.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 32 (ERRONEOUSLY**

7    **NUMBERED 30):**

8      Defendant identifies Detective Campbell's supplemental report previously

9    produced and Bates numbered PS 00062 – PS 00079.

10    **REQUEST FOR PRODUCTION NO. 33 (ERRONEOUSLY NUMBERED 31):**

11      All "Documents" consisting of but not limited to the digital files and other

12    copies on whatever media and made in whatever manner of the photos from

13    DeLaCampa, his email to Campbell and its attachments, including metadata as

14    described in PS-70.

15    **RESPONSE TO REQUEST FOR PRODUCTION NO. 33 (ERRONEOUSLY**

16    **NUMBERED 31):**

17      Defendant identifies and produces a copy of a disk containing the digital files of

18    the photographs taken by witness De La Campa attached hereto and Bates numbered

19    PS 00338.

20    **REQUEST FOR PRODUCTION NO. 34 (ERRONEOUSLY NUMBERED 32):**

21      All "Documents" authored or created by Officers Min, Studer, Guarino, or

22    Beard referring to, related to or consisting of descriptions of, "Communications"

23    regarding, accounts of or in any manner touching upon their search of and presence at

24    the Extended Stay Hotel on October 2, 2014 at approximately 1215 hrs as described in

25    PS71.

26    **RESPONSE TO REQUEST FOR PRODUCTION NO. 34 (ERRONEOUSLY**

27    **NUMBERED 32):**

28      Defendant objects to this request on the grounds that it is compound, vague and

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

14

1   ambiguous, overly broad, unduly burdensome and oppressive.

2   Without waiving the foregoing objection, assuming Plaintiff is referring to their

3   presence at the Extended Stay Hotel on October 2, 2012, after diligent search and

4   reasonable inquiry, Defendant has no documents responsive to this request.

5   **REQUEST FOR PRODUCTION NO. 35 (ERRONEOUSLY NUMBERED 33):**

6   All "Documents" consisting of but not limited to the digital files, including

7   metadata, and other copies on whatever media and made in whatever manner of the

8   interview with Michele Sznaider as described in PS-72.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 35 (ERRONEOUSLY**

10   **NUMBERED 33):**

11   Defendant identifies and produces a copy of a disk containing the audio of the

12   interview attached hereto and Bates numbered PS 00344.  Defendant also identifies

13   the transcript of the interview previously produced and Bates numbered PS 00282 -

14   PS 00293.

15   **REQUEST FOR PRODUCTION NO. 36 (ERRONEOUSLY NUMBERED 34):**

16   All "Documents" consisting of but not limited to the digital files, including

17   metadata, and other copies on whatever media and made in whatever manner of the

18   "dispatch tapes" described in PS-73.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36 (ERRONEOUSLY**

20   **NUMBERED 34):**

21   Defendant identifies a copy of the event records previously produced as PS

22   00205 - PS 00212 and PS 00214 – PS 00215.  Defendant also identifies and produces

23   copies of event records attached hereto and Bates numbered PS 00358 – PS 00359 and

24   copies of disks containing the dispatch calls attached hereto and Bates numbered PS

25   00346 and PS 00360.

26   **REQUEST FOR PRODUCTION NO. 37 (ERRONEOUSLY NUMBERED 35):**

27   All "Documents" consisting of but not limited to the digital files, including

28   metadata, and other copies on whatever media and made in whatever manner of the

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

15

1015952.1

1    "print out" of the "crime scene log" described in PS-81.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 37 (ERRONEOUSLY**

3    **NUMBERED 35):**

4       Defendant identifies a copy of the crime scene log previously produced and

5    Bates numbered PS 00028.

6    **REQUEST FOR PRODUCTION NO. 38 (ERRONEOUSLY NUMBERED 36):**

7       The digital files (including metadata) or actual analog copies from negatives of

8    the photographs taken by Officer Enderle of the "inner and outer crime scene" as

9    described in PS-81.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 38 (ERRONEOUSLY**

11    **NUMBERED 36):**

12       Defendant identifies and produces a copy of a disk containing the photographs

13    taken by Officer Enderle attached hereto and Bates numbered PS 00333.

14    **REQUEST FOR PRODUCTION NO. 39 (ERRONEOUSLY NUMBERED 37):**

15       All "Documents" consisting of but not limited to the digital files, including

16    metadata, and other copies on whatever media and made in whatever manner of the

17    interview with Cioffi recorded on the audio/video device of Guarino as described in

18    PS-84.

19    **RESPONSE TO REQUEST FOR PRODUCTION NO. 39 (ERRONEOUSLY**

20    **NUMBERED 37):**

21       Defendant also identifies Detective Guarino's supplemental report previously

22    produced and Bates numbered PS 00081 – PS 00087 and the transcript of the

23    interview previously produced and Bates numbered PS 00257 - PS 00266.  Defendant

24    also identifies and produces a copy of a disk of the interview attached hereto and

25    Bates numbered PS 00339.

26    **REQUEST FOR PRODUCTION NO. 40 (ERRONEOUSLY NUMBERED 38):**

27       All "Documents" consisting of but not limited to the digital files, including

28    metadata, and other copies on whatever media and made in whatever manner of the

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

16

1  interview with Hernandez recorded on the audio/video device of Guarino as described
2  in PS-85.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40 (ERRONEOUSLY**
4  **NUMBERED 38):**

5      Defendant identifies Detective Guarino's supplemental report previously
6  produced and Bates numbered PS 00081 – PS 00087 and the transcript of the
7  interview previously produced and Bates numbered PS 00248 - PS 00255.  Defendant
8  also identifies and produces a copy of a disk containing the audio of the interview
9  attached hereto and Bates numbered PS 00340.

10 **REQUEST FOR PRODUCTION NO. 41 (ERRONEOUSLY NUMBERED 39):**

11     All "Documents" consisting of but not limited to the digital files, including
12 metadata, and other copies on whatever media and made in whatever manner of the
13 interview with Lalaine Dahlin recorded on the audio/video device of Guarino as
14 described in PS-85-86.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 41 (ERRONEOUSLY**
16 **NUMBERED 39):**

17     Defendant identifies Detective Guarino's supplemental report previously
18 produced and Bates numbered PS 00081 – PS 00087 and the transcript of the
19 interview previously produced and Bates numbered PS 00244 - PS 00246.  Defendant
20 also identifies and produces a copy of a disk containing the audio of the interview
21 attached hereto and Bates numbered PS 00341.

22 **REQUEST FOR PRODUCTION NO. 42 (ERRONEOUSLY NUMBERED 40):**

23     All "Documents" authored or created by Officers Min, Studer, Guarino, or
24 Board referring to, related to or consisting of descriptions of, "Communications"
25 regarding, accounts of or in any manner touching upon the "Incident" or the
26 investigation of the Incident from October 12, 2014 to present.

27 ///

28 ///

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

1015952.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42 (ERRONEOUSLY NUMBERED 40):**

Defendant objects to this request on the grounds that it is compound, vague and ambiguous, overly broad, unduly burdensome and oppressive.

Without waiving the foregoing objections, assuming Plaintiff is referring to a time period from the date of the incident to the present, Defendant identifies documents previously produced and Bates numbered PS 00028, PS 00081 – PS 00087, PS 00089 – PS 00094, PS 00199 and PS 00202.  Defendant also identifies and produces documents attached hereto and Bates numbered PS 00339 – PS 00342.

**REQUEST FOR PRODUCTION NO. 43 (ERRONEOUSLY NUMBERED 41):**

All "Documents" consisting of but not limited to the digital files, including metadata, and other copies on whatever media and med in whatever manner of the interview with Karina Albert or Alberto recorded by Min as described in PS 89-90.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43 (ERRONEOUSLY NUMBERED 41):**

Defendant identifies Detective Min's supplemental report previously produced and Bates numbered PS 00089 – PS 00094 and the transcript of the interview previously produced and Bates numbered PS 00232 - PS 00242.  Defendant also identifies and produces a copy of a disk containing the interview attached hereto and Bates numbered PS 00342.

**REQUEST FOR PRODUCTION NO. 44 (ERRONEOUSLY NUMBERED 42):**

All "Documents" consisting of but not limited to the digital files, including metadata, and other copies on whatever media and made in whatever manner of the interview with Patricia Cruz Lopez recorded by Min as described in PS 90-91.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44 (ERRONEOUSLY NUMBERED 42):**

Defendant identifies Detective Min's supplemental report previously produced and Bates numbered PS 00089 – PS 00094 and the transcript of the interview

18

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1    previously produced and Bates numbered PS 00223 - PS 00230.   Defendant also

2    identifies and produces a copy of a disk containing the interview attached hereto and

3    Bates numbered PS 00342.

4    **REQUEST FOR PRODUCTION NO. 45 (ERRONEOUSLY NUMBERED 43):**

5        All "Documents" consisting of but not limited to the digital files, including

6    metadata, and other copies on whatever media and made in whatever manner of the

7    interview with Ernesto Pastor Ruiz recorded by Min as described in PS 91-92.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 45 (ERRONEOUSLY**

9    **NUMBERED 43):**

10       Defendant identifies Detective Min's supplemental report previously produced

11   and Bates numbered PS 00089 – PS 00094 and the transcript of the interview

12   previously produced and Bates numbered PS 00268 - PS 00272.   Defendant also

13   identifies and produces a copy of a disk containing the interview attached hereto and

14   Bates numbered PS 00342.

15   **REQUEST FOR PRODUCTION NO. 46 (ERRONEOUSLY NUMBERED 44):**

16       All "Documents" consisting of but not limited to the digital files, including

17   metadata, and other copies on whatever media and made in whatever manner of the

18   interview with Omar Contreras recorded by Min as described in PS 92.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46 (ERRONEOUSLY**

20   **NUMBRED 44):**

21       Defendant identifies Detective Min's supplemental report previously produced

22   and Bates numbered PS 00089 – PS 00094 and the transcript of the interview

23   previously produced and Bates numbered PS 00277 - PS 00280.   Defendant also

24   identifies and produces a copy of a disk containing the interview attached hereto and

25   Bates numbered PS 00342.

26   **REQUEST FOR PRODUCTION NO. 47 (ERRONEOUSLY NUMBERED 45):**

27       All "Documents" consisting of but not limited to the digital files, including

28   metadata, and other copies on whatever media and made in whatever manner of the

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

19

1   interview with Sarah Boe recorded by Min as described in PS 92-93.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47 (ERRONEOUSLY**

3   **NUMBERED 45):**

4       Defendant identifies Detective Min's supplemental report previously produced

5   and Bates numbered PS 00089 – PS 00094 and the transcript of the interview

6   previously produced and Bates numbered PS 00274 - PS 00275. Defendant also

7   identifies and produces a copy of a disk of the interview attached hereto and Bates

8   numbered PS 00342.

9   **REQUEST FOR PRODUCTION NO. 48 (ERRONEOUSLY NUMBERED 46):**

10       All "Documents" consisting of but not limited to the digital files, including

11   metadata, and other copies on whatever media and made in whatever manner of the

12   surveillance video obtained by Min as described in PS 93.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 48 (ERRONEOUSLY**

14   **NUMBERED 46):**

15       Defendant identifies Detective Min's supplemental report previously produced

16   and Bates numbered PS 00089 – PS 00094. Defendant also identifies and produces a

17   copy of a disk of the surveillance video attached hereto and Bates numbered PS

18   00361.

19   **REQUEST FOR PRODUCTION NO. 49 (ERRONEOUSLY NUMBERED 47):**

20       All "Documents" authored or created by Officers M. Chassie referring to,

21   related to or consisting of descriptions of, "Communications" regarding, accounts of

22   or in any manner touching upon the "Incident" or the investigation thereof.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49 (ERRONEOUSLY**

24   **NUMBERED 47):**

25       Defendant identifies a copy Officer Chassie's report previously produced and

26   Bates numbered PS 00096 – PS 00097.

27   **REQUEST FOR PRODUCTION NO. 50 (ERRONEOUSLY NUMBERED 48):**

28       All "Documents" consisting of but not limited to the digital files, including

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

20

1015952.1

metadata, and other copies on whatever media and made in whatever manner of the interview with Beth Culotta (both the phone interview and the in person interview) conducted by Campbell and described in PS 104-106.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50 (ERRONEOUSLY NUMBERED 48):**

Defendant identifies Detective Campbell's supplemental report previously produced and Bates numbered PS 00104 – PS 00106 and the transcript of the interview previously produced and Bates numbered PS 00295 - PS 00300. Defendant also identifies and produces a copy of a disk containing the phone interview attached hereto and Bates numbered PS 00345.

**REQUEST FOR PRODUCTION NO. 51 (ERRONEOUSLY NUMBERED 49):**

All "Documents" authored or created by Officer Min referring to, related to or consisting of descriptions of, "Communications" regarding, accounts of or in any manner touching upon the "Incident" or the investigation thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51 (ERRONEOUSLY NUMBERED 49):**

Defendant identifies a copy of Officer Min's report previously produced and Bates numbered PS 00089 – PS 00094 and a copy of the property log created by Officer Min previously produced and Bates numbered PS 00202. Defendant also identifies and produces a disk containing the audio of interviews taken by Officer Min attached hereto and Bates numbered PS 00342.

**REQUEST FOR PRODUCTION NO. 52 (ERRONEOUSLY NUMBERED 50):**

All "Documents" authored or created by Defendant Cary Carillo referring to, related to or consisting of descriptions of, "Communications" regarding, accounts of or in any manner touching upon the "Incident" or the investigation thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52 (ERRONEOUSLY NUMBERED 50):**

Defendant identifies a copy of Officer Carrillo's report previously produced and

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

21

1  Bates numbered PS 00047 – PS 00053.

2  **REQUEST FOR PRODUCTION NO. 53 (ERRONEOUSLY NUMBERED 51):**

3      All "Documents" authored or created by Defendant Marc Melanson referring

4  to, related to or consisting of descriptions of, "Communications" regarding, accounts

5  of or in any manner touching upon the "Incident" or the investigation thereof.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53 (ERRONEOUSLY**

7  **NUMBERED 51):**

8      Defendant identifies a copy of Sgt. Melanson's report previously produced and

9  Bates numbered PS 00040 – PS 00045.

10 **REQUEST FOR PRODUCTION NO. 54 (ERRONEOUSLY NUMBERED 52):**

11     All "Documents" authored or created by Defendant Paul Abshire referring to,

12 related to or consisting of descriptions of, "Communications" regarding, accounts of

13 or in any manner touching upon the "Incident" or the investigation thereof.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 54 (ERRONEOUSLY**

15 **NUMBERED 52):**

16     Defendant identifies a copy of Sgt. Abshire's report previously produced and

17 Bates numbered PS 00034 – PS 00038.

18 **REQUEST FOR PRODUCTION NO. 55 (ERRONEOUSLY NUMBERED 53):**

19     All "Documents" authored or created by Matt Beard referring to, related to or

20 consisting of descriptions of "Communications" regarding, accounts of or in any

21 manner touching upon the "Incident" or the investigation thereof.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 55 (ERRONEOUSLY**

23 **NUMBERED 53):**

24     After diligent search and reasonable inquiry, Defendant is not aware of any

25 documents responsive to this request.

26 **REQUEST FOR PRODUCTION NO. 56 (ERRONEOUSLY NUMBERED 54):**

27     All "Documents" authored or created by Bryan Anderson referring to, related to

28 or consisting of descriptions of, "Communications" regarding, accounts of or in any

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

22

1015952.1

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1    manner touching upon the "Incident" or the investigation thereof.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 56 (ERRONEOUSLY**

3    **NUMBERED 54):**

4         After diligent search and reasonable inquiry, Defendant is not aware of any

5    documents responsive to this request.

6    **REQUEST FOR PRODUCTION NO. 57 (ERRONEOUSLY NUMBERED 55)::**

7         All "Documents" authored or created by K Lu referring to, related to or

8    consisting of descriptions of, "Communications" regarding, accounts of or in any

9    manner touching upon the "Incident" or the investigation thereof.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 57 (ERRONEOUSLY**

11    **NUMBERED 55):**

12         Defendant identifies a copy of Officer Lu's report previously produced and

13    Bates numbered PS 00055 – PS 00056 and a copy of the property log created by

14    Officer Lu previously produced and Bates numbered PS 00201.   Defendant also

15    identifies and produces a disk containing photos taken by Officer Lu attached hereto

16    and Bates numbered PS 00335.

17    **REQUEST FOR PRODUCTION NO. 58 (ERRONEOUSLY NUMBERED 56):**

18         All "Documents" authored or created by Troy Castillo referring to, related to or

19    consisting of descriptions of, "Communications" regarding, accounts of or in any

20    manner touching upon the "Incident" or the investigation thereof.

21    **RESPONSE TO REQUEST FOR PRODUCTION NO. 58 (ERRONEOUSLY**

22    **NUMBERED 56):**

23         After diligent search and reasonable inquiry, Defendant is not aware of any

24    documents responsive to this request.

25    **REQUEST FOR PRODUCTION NO. 59 (ERRONEOUSLY NUMBERED 57):**

26         All "Documents" authored or created by A. Enderle referring to, related to or

27    consisting of descriptions of, "Communications" regarding, accounts of or in any

28    manner touching upon the "Incident" or the investigation thereof.

1015952.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59 (ERRONEOUSLY NUMBERED 57):**

Defendant identifies a copy of Officer Enderle's report previously produced and Bates numbered PS 00099 – PS 000100 and a copy of the property log created by Officer Enderle previously produced and Bates numbered PS 00198.  Defendant also identifies and produces disks containing photos and video taken by Officer Enderle attached hereto and Bates numbered PS 00333 – PS 00334.

**REQUEST FOR PRODUCTION NO. 60 (ERRONEOUSLY NUMBERED 58):**

All "Documents" authored or created by Betty Blythe referring to, related to or consisting of descriptions of, "Communications" regarding, accounts of or in any manner touching upon the "Incident" or the investigation thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60 (ERRONEOUSLY NUMBERED 58):**

Defendant identifies a copy of the property log created by Betty Blythe previously produced and Bates numbered PS 00195.

**REQUEST FOR PRODUCTION NO. 61 (ERRONEOUSLY NUMBERED 59):**

All "Documents" authored or created by Michelle Drafton referring to, related to or consisting of descriptions of, "Communications" regarding, accounts of or in any manner touching upon the "Incident" or the investigation thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61 (ERRONEOUSLY NUMBERED 59):**

Defendant objects to the extent that Michelle Drafton is not an employee of the City of Palm Springs and therefore, Defendant is not in the care, custody or control of documents responsive to this request.

Without waiving the foregoing objection, Defendant identifies a copy of responsive documents within the custody or control of Defendant previously produced and Bates numbered PS 00141 – PS 00147.

///

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

24

**REQUEST FOR PRODUCTION NO. 62 (ERRONEOUSLY NUMBERED 60):**

All "Documents" authored or created by Jamie Johnson referring to, related to or consisting of descriptions of, "Communications" regarding, accounts of or in any manner touching upon the "Incident" or the investigation thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62 (ERRONEOUSLY NUMBERED 60):**

Defendant identifies a copy of Jamie Johnson's supplemental report previously produced and Bates numbered PS 00108, a copy of a property report previously produced and Bates numbered PS 00154 and a copy of the property log created by Jamie Johnson previously produced and Bates numbered PS 00200.

Defendant also identifies and produces a disk containing photos taken by Jamie Johnson attached hereto and Bates numbered PS 00332.

**REQUEST FOR PRODUCTION NO. 63 (ERRONEOUSLY NUMBERED 61):**

All "Documents" authored or created by Frank Browning referring to, related to or consisting of descriptions of, "Communications" regarding, accounts of or in any manner touching upon the "Incident" or the investigation thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63 (ERRONEOUSLY NUMBERED 61):**

After diligent search and reasonable inquiry, Defendant is not aware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 64 (ERRONEOUSLY NUMBERED 62):**

All "Documents" authored or created by Bryan Reyes referring to, related to or consisting of descriptions of, "Communications" regarding, accounts of or in any manner touching upon the "Incident" or the investigation thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64 (ERRONEOUSLY NUMBERED 62):**

After diligent search and reasonable inquiry, Defendant is not aware of any documents responsive to this request.

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

25

1  **REQUEST FOR PRODUCTION NO. 65 (ERRONEOUSLY NUMBERED 63):**

2      All "Documents" authored or created by Steffanie Campbell referring to,

3  related to or consisting of descriptions of, "Communications" regarding, accounts of

4  or in any manner touching upon the "Incident" or the investigation thereof.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65 (ERRONEOUSLY**

6  **NUMBERED 63):**

7      Defendant identifies copies of Stefanie Campbell's reports previously produced

8  and Bates numbered PS 00062 – PS 00079, PS 00104 – PS 00106, PS 00110 and PS

9  00112 – PS 00113 and copies of a property logs created by Detective Campbell

10 previously produced and Bates numbered PS 00196 – PS 00197.   Defendant also

11 identifies and produces disks containing interviews taken by Detective Campbell

12 attached hereto and Bates numbered PS 00343 – PS 00344.

13 **REQUEST FOR PRODUCTION NO. 66 (ERRONEOUSLY NUMBERED 64):**

14     All "Documents" authored or created by Defendant Paul Abshire referring to,

15 related to or consisting of descriptions of, "Communications" regarding, accounts of

16 or in any manner touching upon the "Incident" or the investigation thereof.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 66 (ERRONEOUSLY**

18 **NUMBERED 64):**

19     See response to Number 54 above as this request is duplicative.   Defendant

20 incorporates its response to Request No. 54 herein.

21 **REQUEST FOR PRODUCTION NO. 67 (ERRONEOUSLY NUMBERED 65):**

22     All "Documents" authored or created by Jennifer Park referring to, related to or

23 consisting of descriptions of, "Communications" regarding, accounts of or in any

24 manner touching upon the "Incident" or the investigation thereof.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 67 (ERRONEOUSLY**

26 **NUMBERED 65):**

27     Defendant objects to the extent that Jennifer Park is not an employee of the City

28 of Palm Springs and therefore, Defendant is not in the care, custody or control of

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

26

1  documents responsive to this request.

2  Without waiving the foregoing objection, Defendant identifies a copy of

3  responsive documents within the custody or control of Defendant previously produced

4  and Bates numbered PS 00125 – PS 00130.

5  **REQUEST FOR PRODUCTION NO. 68 (ERRONEOUSLY NUMBERED 66):**

6  All "Documents" authored or created by Officer Litch referring to, related to or

7  consisting of descriptions of, "Communications" regarding, accounts of or in any

8  manner touching upon the "Incident" or the investigation thereof.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68 (ERRONEOUSLY**

10  **NUMBERED 66):**

11  Defendant identifies a copy of Officer Litch's report previously produced and

12  Bates numbered PS 00102.

13  **REQUEST FOR PRODUCTION NO. 69 (ERRONEOUSLY NUMBERED 67):**

14  All "Documents" authored or created by Officer Witten referring to, related to

15  or consisting of descriptions of, "Communications" regarding, accounts of or in any

16  manner touching upon the "Incident" or the investigation thereof.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69 (ERRONEOUSLY**

18  **NUMBERED 67):**

19  Defendant identifies a copy of Officer Witten's report previously produced and

20  Bates numbered PS 00016 – PS 00022 and a copy of a property log created by Officer

21  Witten previously produced and Bates numbered PS 00203.  Defendant also identifies

22  and produces a disk of photos taken by Officer Witten attached hereto and Bates

23  numbered PS 00336.

24  **REQUEST FOR PRODUCTION NO. 70 (ERRONEOUSLY NUMBERED 68):**

25  The digital files, including all metadata, or exact analog reproductions of any

26  materials not digitally stored of the following items identified in PS195-PS203; Item

27  Nos. 2805-001, 15546-001, 15546-002, 1556-003, 15546-04, 15546-05 (including

28  raw data), 15546-07, 15302-001, 15302-002, 11032-01, 11032-02, 11032-03, 11032-

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

27

1015952.1

1   04, 15570-006, 15824-001, 11052-001, 11052-002, 15872-001.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 70 (ERRONEOUSLY**

3   **NUMBERED 68):**

4       Defendant produces copies of disks containing documents responsive to this

5   request attached hereto and Bates numbered PS 00332 – PS 00342, PS 00345 – PS

6   00348 and PS 00361.

7   DATED: August 22, 2014              WOODRUFF, SPRADLIN & SMART, APC

8

9

10                                 By: _____
                                        CAROLINE A. BYRNE

11                                      Attorneys for  Defendants CITY OF PALM

12                                      SPRINGS, a public entity, OFFICER CARY
                                        CARRILLO, an employee of Defendant City

13                                      of Palm Springs, a public entity; SGT. PAUL
                                        ABSHIRE, an employee of Defendant City of

14                                      Palm Springs, a public entity; and SGT.

15                                      MARC MELANSON, an employee of
                                        Defendant City of Palm Springs, a public

16                                      entity

17

18

19

20

21

22

23

24

25

26

27

28

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

1015952.1